Royce E. BROWN, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 156, 1998.

Supreme Court of Delaware.

Submitted: Dec. 8, 1998.
Decided: Dec. 18, 1998.

Royce E. Brown, pro se, Allenwood, Pennsylvania, Appellant.

Kim Ayvazian, Deputy Attorney General, Department of Justice, Georgetown, Delaware, for Appellee.

Before VEASEY, Chief Justice, WALSH and HOLLAND, Justices.

PER CURIAM:

In this appeal, we affirm the trial court's denial of a petition for return of property seized during a search of the petitioner's home. The Superior Court prevented the petitioner from raising issues concerning the legality of the search, finding that these issues had been adjudicated during the petitioner's criminal trial and were collaterally estopped. Without resort to this evidence, the trial court found that the petitioner had failed to meet his burden of proving that the property was not subject to forfeiture. We are asked to determine whether the trial

court erred in either of these findings. We find that it did not. We further reject the petitioner's claims that he had not waived his right to a jury trial and that the trial court had abused his due process rights.

*Facts*

On August 15, 1995, David Santobianco entered Brown's home to conduct a routine home visit as Brown's parole and probation officer. At that time, Santobianco observed Latisha Wright (Brown's wife) and Darryl Handy (Brown's housemate, also under the parole supervision of Santobianco) with a bag of crack cocaine. A struggle ensued and, while Santobianco arrested Wright, Handy escaped. At 10:10 p.m. that evening, Brown returned home and Santobianco placed him into temporary custody, releasing him later that evening. Brown had violated his probation's mandatory 10:00 p.m. curfew.

On August 23, 1995, Santobianco returned to Brown's residence accompanied by other law enforcement personnel. They searched the residence, finding (and seizing) $5,662 and 370 grams of crack cocaine as well as assorted personal property tied to drug dealing.

As a result of this search, the United States Attorney charged Brown with several federal offenses. On November 12, 1997, following his conviction on federal offenses, the United States District Court for the District of Delaware sentenced Brown to thirty years' incarceration. Prior to trial, Brown attempted to suppress all evidence found at his residence on the ground that the evidence was the product of an illegal search and seizure in contravention of the 4th Amendment to the United States Constitution. In a Memorandum Order,[1] the District Court denied the motion to suppress. .

On October 23, 1995, Brown filed a petition for return of property under Superior Court Civil Rule 71.3(c). On March 10, 1998, following trial, the Superior Court denied Brown's petition, finding that the State had probable cause to seize the money and that Brown had not rebutted the presumption

1. *United States of America v. Brown,* D.Del., C.A.    No. 95–69–SLR, Robinson, J. (June 20, 1996).

that the amount seized was forfeitable.[2] The court also found that collateral estoppel prevented Brown from rearguing the illegal search and seizure claims raised during his criminal trial.

### Collateral Estoppel

We review questions of collateral estoppel to determine if the parties had fully litigated the issues in question before another court.[3]

■ The doctrine of collateral estoppel is that "where a question of fact essential to the judgment is litigated and determined by a valid and final judgment, the determination is conclusive between the same parties in a subsequent case on a different cause of action."[4] Courts of other jurisdictions have held the doctrine to apply to criminal defendants in later civil forfeiture actions.[5] Delaware does not require identity of parties so long as "the party against whom collateral estoppel is asserted was a previous party."[6]

Delaware Superior Court Civil Rule 71.3(f) provides that a defendant "convicted in any criminal proceeding is precluded from later denying the essential allegations of the criminal offense ... in any proceeding brought pursuant to this rule, regardless of the pendency of an appeal from that conviction." Brown brought his petition under Rule 71.3(c).

■ Collateral estoppel prevents Brown from questioning the legality of the search and seizure in this civil action. The District Court heard all of these issues in the course of the suppression hearing concerning the evidence seized in the August 23, 1995 search of Brown's residence. The fact that the District Court did not address some specific issues is of no import since Brown had ample opportunity and motive to assert these claims at the suppression hearing. He was ably represented by counsel and cannot use this Court in a back-door attempt to assert claims that he did not address in the District Court in the first instance. In any event, Brown may still argue that the seized money was the product of lawful income and therefore not forfeitable.

### Burden of Proof

■ We review a trial court's decision that property is subject to forfeiture under a clearly erroneous standard.[7]

This Court has never before determined the relative burdens of the parties in a forfeiture action under 16 *Del. C.* § 4784 *et seq.* (the "Forfeiture Act"). The Superior Court, however, has been consistent in holding that the State has an initial burden of proving probable cause and that if this is met, the petitioner has the burden of rebutting the presumption of forfeiture.[8] With regard to money, the Forfeiture Act states that "all moneys ... found in close proximity to forfeitable controlled substances ... are presumed to be forfeitable ...."[9]

Since Santobianco found the money in close proximity to a large amount of cocaine, the State is presumed to have met its burden of showing probable cause. The burden then falls on Brown to establish that the money is not subject to forfeiture. Although Brown presented some evidence of legal income approximating the seized amount, the trial court's decision was not clearly erroneous in finding that Brown did not meet his burden of rebutting the presumption of forfeiture.

**2.** *In the Matter of $5,662 United States Currency,* Del.Super., 714 A.2d 106 (1998).

**3.** *Tyndall v. Tyndall,* Del.Supr., 238 A.2d 343, 345 (1968).

**4.** *Id.* at 346.

**5.** *United States v. Real Property Located in El Dorado County,* 9th Cir., 59 F.3d 974, 979–80 (1995).

**6.** *Columbia Cas. Co. v. Playtex FP, Inc.,* Del. Supr., 584 A.2d 1214, 1217 (1991).

**7.** *See In the Matter of 1986 Chevrolet Corvette,* Ariz.Supr., 183 Ariz. 637, 905 P.2d 1372, 1374 (1994); *Lewis v. State,* Ark.Supr., 309 Ark. 392, 831 S.W.2d 145, 149 (1992).

**8.** *See In the Matter of One 1987 Toyota,* Del.Super., 621 A.2d 796 (1992); *In the Matter of One 1985 Mercedes Benz,* Del.Super., 644 A.2d 423 (1992).

**9.** 16 *Del. C.* § 4784(a)(7).

### Right to Jury Trial

██ Brown further challenged the trial court's decision by arguing that he had not waived his right to a jury trial. As this is an issue of law, we will conduct a *de novo* review of Brown's claim.

With regard to actions initiated under Rule 71.3, "*[e]xcept where a jury trial is demanded pursuant to Rule 38(b)* ... the Court shall hold a non-jury trial...." [10] Brown filed the action, received correspondence from the prothonotary stating that a non-jury trial had been scheduled, and never objected to the non-jury trial. Now, Brown claims that he never knew of the existence of Rule 38(b) and that therefore he did not waive his right to a jury trial. Ignorance is not an excuse in this case, and failure to demand a jury trial in a timely manner acts as a waiver of such right.[11]

### Due Process

██ Brown also asserts several violations of his right to due process under the United States and Delaware Constitutions. We review constitutional claims *de novo*.

██ Brown first argues that the trial court denied him due process by refusing to order a trial transcript at the State's expense. Although granted *in forma pauperis* status, an appellant is still responsible for making financial arrangements to obtain the necessary transcripts.[12] Of course, if Brown had been able to show cause, the trial court could have granted his request, but his motion contained no justification for his request. Therefore, the trial court did not err in refusing Brown's motion for a transcript at State expense.

██ Next, Brown claims that the trial court violated his due process rights by failing to notify him of the trial date thirty days in advance and by failing to issue subpoenas

for witnesses. The United States Supreme Court has never extended the Sixth Amendment right to compulsory process to apply to civil matters.[13] As a civil litigant, Brown had sole responsibility to ensure that his witnesses appeared. The Prothonotary provided Brown with blank subpoena forms and instructions, but Brown did not present evidence that he ever even attempted to fill these out or serve them. Without such evidence, Brown fails to demonstrate prejudice resulting from the allegedly insufficient notice that this Court can address.

██ Brown next argues that the trial court violated his due process rights by failing to compel the State to answer his discovery request. Brown properly filed his request for production with the Prothonotary, but he provides no evidence that he ever served the State with this request. As the Superior Court Civil Rules make clear, service and filing of papers are two completely different requirements.[14]

██ Finally, Brown makes due process and equal protection allegations regarding the trial judge. His initial allegation that he deserved notice of a change in judges is unfounded. The trial had not yet begun when a different judge of the Superior Court was assigned to hear the case. Brown had no cognizable interest in who would be hearing his case, so he deserved no special notice of this change.[15] His second contention is that he should have been notified prior to trial that the newly assigned judge uses hearing aids. In any event, Brown has made no specific allegations of prejudice that resulted from this fact other than his general claim that the State must have known about the trial judge's hearing aids prior to the case. His claim must fail.

---

**10.** *Del.Super. Ct. Civ.R.* 71.3(d) (emphasis supplied).

**11.** *See Del.Super. Ct. Civ. R.* 38(e).

**12.** *See Lynch v. McCarron,* Del.Supr., 690 A.2d 466, Hartnett, J. (Jan. 13, 1997) (Order).

**13.** *Compare Taylor v. Illinois,* 484 U.S. 400, 408, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) ("Few

rights are more fundamental than that of an *accused* to present witnesses in his own defense....") (Emphasis supplied).

**14.** *Del.Super. Ct. Civ. R.* 5(a) and (d).

**15.** *See McCool v. Gehret,* Del.Supr., 657 A.2d 269, 284 (1995); *Del.Super. Ct. Civ. R.* 63 (procedure for changing judges once the action has commenced).

*Conclusion*

In light of the foregoing, we affirm the Superior Court's denial of Brown's petition for return of property.