IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEONARDO MALDONADO, | § | |
| | § | No. 172, 2016 |
| Petitioner Below- | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | C.A. No. N13M-12-075 |
| | § | |
| Respondent Below- | § | |
| Appellee. | § | |

Submitted: August 5, 2016
Decided:　October 6, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 6th day of October 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Leonardo Maldonado, filed this appeal from the Superior Court's denial of his petition for return of property. After careful consideration, we find no merit to Maldonado's issues on appeal. Accordingly, we affirm.

(2) Maldonado was arrested in November 2013 on charges that included Drug Dealing. In December 2013, Maldonado filed a petition for return of property that was seized from him as a result of his arrest. The petition sought the return of $4000 in cash and $39,000 seized from a

Citibank account. Proceedings in the civil matter were stayed pending the resolution of the criminal matter.

(3) In April 2014, Maldonado pled guilty to Aggravated Possession of Marijuana. As part of his plea agreement, the State indicated that it would seek habitual offender sentencing but would cap its sentence recommendation to eight years of unsuspended prison time. Maldonado agreed to forfeit the $4000 in cash that was seized from his person and also agreed to forfeit the vehicle that was seized by police during the course of his arrest, unless he could prove legitimate ownership.

(4) At his sentencing in September 2014, the Superior Court judge sentenced Maldonado as a habitual offender to a total period of three years at Level V imprisonment, with credit for thirty days served. The Superior Court ordered that the vehicle and the $4000 seized from Maldonado's hotel room and from his person at the time of his arrest be forfeited. The Superior Court held that it would not order that the money in Maldonado's bank account be forfeited.

(5) A hearing in the civil forfeiture matter was held before a Superior Court Commissioner in September and November 2015. The State presented evidence that a confidential informant working for the State had made multiple controlled drug purchases from Maldonado in the autumn of

2

2013. Upon his arrest, the police found several pounds of marijuana in Maldonado's motel room. Maldonado told the police that he would buy two to three pounds of marijuana per week and would repackage the drugs in quarter ounce increments, which he sold for $25 each. Police also found over $4000 in cash in Maldonado's motel room and deposit slips for a Citibank account showing that Maldonado had made several cash deposits into the account in three to four thousand dollar increments, with an ending balance in the account of over $39,000.

(6)     The State presented the testimony of an expert in financial crimes, who testified that Maldonado's last reported employment was at a grocery store between September 2007 and December 2010, earning $11 per hour. By April 2011, all of Maldonado's bank accounts were overdrawn and later were closed. In October 2011, Maldonado opened a new Citibank account and, by April 2012, had made multiple cash deposits of varying amounts and at varying intervals, totaling over $14,000. During the same time period, no withdrawals were made from that account.

(7)     Between April 2012 and August 2012, the activity on the account changed. The bank records showed multiple withdrawals from the account made in Hampton, Virginia for food, motels, and utilities. There were no deposits made. The pattern of large cash deposits into the account

3

in Delaware, with no withdrawals, resumed between August 2012 and April 2013. The pattern of withdrawals from the account in Virginia, with no deposits, began again in April 2013 until August 2013. The pattern of large cash deposits in Delaware, with no withdrawals, resumed in August 2013 until Maldonado's arrest in November 2013.

(8) Maldonado's last tax return had been filed in 2009. It reported gross income of $13,462. On the return, Maldonado listed Shawna Lawson as his dependent sister. At the forfeiture hearing, Maldonado testified that Shawna Lawson, in fact, is his wife. Maldonado testified that following his employment at the grocery store, he received income by working various cash jobs in Georgia and in Virginia, where his wife lived. He also claimed to have received income from rental property in Puerto Rico. He further testified that he was the only person who had access to his Citibank account. Although he admitted making thousands of dollars in profits during each month that he sold marijuana, he testified that none of his drug profits was ever put into his Citibank account. The State countered this contention by presenting evidence that Maldonado had admitted to his presentence officer that he had deposited thousands of dollars of drug profits into his Citibank account.

4

(9) Maldonado called his wife, Shawna Lawson, to testify at the forfeiture proceeding. Lawson testified that Maldonado was very frugal and saved a lot of money, which he earned from working odd jobs and from his rental property in Puerto Rico. Lawson also testified that she gave Maldonado money to deposit, which included money that she had received as settlements from lawsuits, child support, and government loans.

(10) Following the presentation of all the evidence, the Superior Court Commissioner concluded that the State had met its burden of establishing probable cause that the money in the Citibank account was subject to forfeiture as a profit of Maldonado's drug sales.[1] Moreover, the Commissioner found that Maldonado had not sustained his burden of showing by a preponderance of the evidence that the money was not subject to forfeiture.[2] Accordingly, Maldonado's petition for return of property was denied. Maldonado appealed the Commissioner's decision to a Superior Court judge, who affirmed the Commissioner's decision after conducting a *de novo* review. This appeal followed.

(11) Maldonado raises three issues in his opening brief on appeal. First, he contends that the State should be collaterally estopped from seeking

---

[1] *See* 16 *Del. C.* § 4784(a)(7) (Supp. 2014) (providing, among other things, that profits from drug sales are subject to forfeiture).

[2] *See Brown v. State*, 721 A.2d 1263, 1265 (Del. 1998) (establishing the relative burdens of proof in a forfeiture proceeding).

forfeiture of the money in his Citibank account in view of the Superior Court's refusal to forfeit the funds during the criminal proceedings. Second, Maldonado contends that he did not receive proper notice of the State's seizure of his assets under Superior Court Criminal Rule 71.3. Third, Maldonado contends that the State did not present sufficient evidence to link the money seized from his Citibank account to his criminal activity.

(12) We review the Superior Court's decision that Maldonado's property was subject to forfeiture under a clearly erroneous standard.[3] Maldonado first claims that the State should be collaterally estopped from seeking forfeiture of the money in his Citibank account because of the Superior Court's refusal to order those funds forfeited as part of his criminal sentencing. In support of his claim, Maldonado attached to his opening brief a copy of a letter from the sentencing judge to the lawyers who represented Maldonado and the State in the criminal proceedings.[4] The letter states that Maldonado's sentence limited forfeiture to the car and the cash and that if "the police did seize additional money, it should be returned to the defendant."[5] Maldonado fails to acknowledge, however, that the sentencing

---

[3] *Id*. at 1266.

[4] Letter from sentencing judge to parties, *State v. Maldonado*, Cr. ID No. 1311009435 (Del. Super. Feb. 18, 2015).

[5] *Id.*

judge wrote a subsequent letter to the parties indicating that he would not interfere with the forfeiture proceedings.[6]

(13) This Court previously has held that an individual who has been subjected to criminal prosecution also may be subjected to a civil forfeiture proceeding.[7] Whether the State is precluded from seeking civil forfeiture of Maldonado's property by the Superior Court's sentencing order in his criminal case turns on whether the parties had fully litigated this issue in the course of the criminal proceedings.[8] In this case, the issue of whether the funds in Maldonado's Citibank account could be subject to civil forfeiture was not fully litigated during his criminal proceedings. Although the Superior Court judge stated at Maldonado's sentencing that he would not order that the Citibank funds be criminally forfeited as part of Maldonado's sentence, the issue of whether the funds were subject to civil forfeiture was not addressed in the parties' plea agreement and was not otherwise litigated during the criminal proceedings. To the extent Maldonado now claims that the State violated its plea agreement with him, such an issue cannot be raised in this civil proceeding. We thus reject Maldonado's first claim on appeal.

---

[6] Letter from sentencing judge to parties, *Maldonado v. State*, C.A. No. N13M-12-075 (Del. Super. Mar. 9, 2015).

[7] *In re 1982 Honda*, 681 A.2d 1035, 1038-39 (Del. 1996).

[8] *Brown v. State*, 721 A.2d at 1265 ("We review questions of collateral estoppel to determine if the parties had fully litigated the issue in question before another court.").

(14)  Maldonado next claims that the State failed to give him proper notice of the seizure of his assets under Superior Court Civil Rule 71.3(a). Maldonado, however, failed to raise this issue until the third day of trial in the forfeiture matter.  Under the circumstances, we agree with the Superior Court that Maldonado waived this issue by failing to raise it before trial.[9] Moreover, given that Maldonado filed his petition for return of property under Rule 71.3(c) within the required 45 day period, he could not establish any prejudice from the allegedly improper notice.  Accordingly, we reject this claim on appeal.

(15)  Maldonado's final claim is that the State failed to meet its burden of proving that the money in the Citibank account was linked to Maldonado's drug activity.  We review the Superior Court's findings under a clearly erroneous standard.[10]  In order to establish "probable cause" for forfeiture, the State must prove that a "reasonable ground" exists to believe that the property seized constituted profits from Maldonado's drug sales.[11]

(16)  After hearing the testimony, the Superior Court found that that the large cash deposits being made into Maldonado's Citibank account

---

[9] *See* Del. Super. Ct. Civ. R. 12(h)(i) (defense of insufficiency of service of process deemed waived if not raised by motion or responsive pleading).

[10] *Brown v. State*, 721 A.2d at 1265.

[11] *See In re One 1985 Mercedes Benz Auto.*, 644 A.2d 423, 428 (Del. Super. 1992).

occurred during the months that Maldonado, by his own admission, was earning a large amount of cash selling marijuana in Delaware. The large cash deposits stopped during the months that Maldonado went to stay with his wife in Virginia. Although Maldonado claimed to have earned money doing odd jobs and collecting rent and also deposited money given to him by his wife, the Superior Court did not find his explanation credible. Under the circumstances, we find no error in the Superior Court's conclusion that the State had probable cause to seize the Citibank funds as profits of Maldonado's drug sales under 16 Del. C. § 4784(a)(7) and that Maldonado failed to establish by a preponderance of the evidence that the money in his Citibank account was legally earned. Consequently, we find no error in the Superior Court's denial of Maldonado's petition for return of property.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

9