

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00586-CV

**$8000.00 IN UNITED STATES CURRENCY** and a 2006 Harley Davidson FDX (VIN: 1HD1GP1156K304632),
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. CVW2000726
Honorable Jennifer Dillingham, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Lori Massey Brissette, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: April 15, 2026

AFFIRMED

This is a civil asset forfeiture case in which the State alleged that $8,000 and a Harley Davidson were subject to forfeiture under Chapter 59 of the Texas Code of Criminal Procedure. Chad Wade Spence, the former owner of the property, seeks to reverse the trial court's judgment of forfeiture and remand for a new trial. Spence contends the trial court erred by forcing him to trial without material witnesses in support of his defense which he contends violated his

constitutional rights. After considering the record, the parties' briefs, and the law, we affirm the trial court's judgment of forfeiture.

## BACKGROUND

In October of 2020, Lieutenant Darrell Collins of the Wilson County Sheriff's Office responded to a call from Deputy Rodney Dennis that a motorcycle involved in a recent pursuit had been spotted at a Dollar General store in Sutherland Springs, Texas. Upon arrival, Lieutenant Collins ran the plate on the Harley Davidson and confirmed it was registered to Spence—the same individual who fled from him on that motorcycle less than three weeks earlier and who remained the subject of two active warrants for arrest.

While Lieutenant Collins was finishing the plates check, a woman—later identified as Demi Kelley—exited the Dollar General, approached the motorcycle, and removed a black bag from it. Lieutenant Collins ordered Kelley to drop the bag and detained her in his patrol unit. Moments later, an emergency exit alarm activated inside the store. Another officer pursued and arrested Spence, who fled a short distance away from the store. Lieutenant Collins drove to Deputy Dennis's location and recognized the detained person as Spence.

When Lieutenant Collins returned to the parking lot, he found a second man—later identified as Lane Wootan—searching through the motorcycle bags. Wootan was detained, and a handgun was found on his person. A second handgun was found on Kelley. No firearm was found on Spence's person.

Lieutenant Collins asked both Spence and Kelley about the black bag, and both denied any knowledge of it. Because no one claimed ownership of the bag, Lieutenant Collins treated the bag as abandoned property and searched it. Inside, Lieutenant Collins found a third handgun, multiple bags of a crystalline substance consistent with methamphetamine, a digital scale, eight rubber-

banded bundles of cash totaling $8,000, and a handwritten personal note. In a later interview, Kelley admitted grabbing the bag off the motorcycle but stated she had no idea what was in it because Spence had packed it.

Laboratory testing confirmed that the crystalline substance was methamphetamine, with a net weight of at least 22.7 grams. Lieutenant Collins charged Spence with evading arrest, manufacture or delivery of a controlled substance, and unlawful possession of a firearm by a felon. All seized property, including the cash and the motorcycle, was held as contraband under chapter 59 of the Texas Code of Criminal Procedure.

The State filed a forfeiture petition against both Spence and Kelley. However, Kelley did not answer, and a default judgment was rendered against her. Spence and the State filed motions for summary judgment. The trial court granted the State's motion for summary judgment, but this court reversed and remanded the matter for trial. *See $8000.00 in U.S. Currency v. State*, No. 04-22-00672-CV, 2023 WL 5072603, at *1 (Tex. App.—San Antonio Aug. 9, 2023, no pet.) (mem. op.).

On remand and in preparation for trial, Spence filed with the clerk a "Request for Witnesses." The document requested that officers, including Lieutenant Collins and the "Officer who took photos at scene and contained in State's Discovery Disclosures," "be present at any final hearing on the merits of this cause." However, the document did not identify a date, time, or place for the witnesses to appear and did not request action by the clerk in response to his filing. A few months later, Spence filed his "Supplement to Witness Lists" which added two more Officers ("Lieutenant Guerrero" and Heather Reyna) and set forth a request for the Wilson County Sheriff's Office to provide certain records and booking photos. Spence took no further action to ensure

witnesses who he contends were material to his defense were required to be present at trial or to obtain the documents he set forth therein through traditional discovery methods.

At the outset of the August 20, 2024 bench trial, Spence—appearing pro se—raised the issue of the absence of witnesses from his witness list, along with a new witness: Nathan Drzymala. The trial court confirmed that no subpoena requests had been filed on Spence's behalf, and the State confirmed the same. The Court noted that some of the witnesses Spence identified had been subpoenaed by the State and would testify that day and then proceeded to trial.

The State presented testimony from Lieutenant Collins regarding the events of the arrest and seizure; retired Chief Deputy Johnny Deagan, who re-packaged then transported the methamphetamine for testing and counted the seized currency; Mr. Elijah Hampton, a forensic scientist at the Bexar County Criminal Investigation Laboratory, who tested and confirmed the crystalline substance seized at the scene was methamphetamine; and DEA Task Force Officer Mark Anthony Hastings II, a narcotics trafficking expert who testified the quantity, packaging, and accompanying paraphernalia were consistent with mid-level drug distribution.

Spence, testifying on his own behalf, introduced a bill of sale and registration paperwork for the motorcycle that was seized, a tax return, and professional certifications to support his claim that the motorcycle and $8,000 were lawfully acquired through his work as a licensed refrigeration technician. Spence denied any knowledge of the narcotics, firearms, or the contents of the bag. In closing argument, Spence contended the seized property was the fruit of an unlawful search, and he speculated that Wootan and Kelley had conspired to steal his motorcycle and money, using him as an easy target because he was a wanted man.

The trial court denied Spence's innocent owner defense, found by a preponderance of the evidence that a substantial connection existed between the seized property and the alleged criminal

conduct, and ordered the $8,000 and the Harley Davidson forfeited to the State. Spence timely appealed.

On appeal, Spence asserts two issues. First, he contends the trial court erred in forcing him to trial on the merits without the presence of material witnesses in support of his defense. Second, he contends the trial court, by doing so, violated his constitutional right to due process under the Fourteenth Amendment of the United States Constitution as well as his right to due course of law under Article 1, section 19 of the Texas Constitution.

### REQUEST FOR WITNESSES

The trial court proceeded to trial upon its determination that Spence had not taken the necessary steps to procure the presence of witnesses. That determination is well founded. Under Texas Rule of Civil Procedure 176.4, "the clerk of the appropriate district" is authorized to issue a subpoena upon a party's request. *See* TEX. R. CIV. P. 176.1, 176.4. But Spence never made such a request. Instead, he simply filed a "Request for Witnesses" and a "Supplement to Witness List," both of which were nothing more than a list of persons and documents he wished to have present at trial. Neither document requested the clerk issue subpoenas to compel their attendance or provided the necessary information for the clerk to do so. A valid subpoena must, among other things, identify the person to whom it is directed and state the time, place, and nature of the action required. *See* TEX. R. CIV. P. 176.1(e). Spence's "Request for Witnesses" satisfied none of these requirements. *See id.* The obligation to set that process in motion rested with Spence, and he did not meet it.

Even so, the record is clear that the clerk, in response to his filings, provided him with the proper subpoena request form along with instructions to complete it and instructed him to return the form with the appropriate fees in order to have subpoenas issue. However, Spence did not

return the completed form and took no further action to secure the attendance of his desired witnesses. That Spence was informed of the precise steps required to obtain a subpoena—and still failed to act—forecloses any argument that his noncompliance was the product of ignorance or lack of access to the process.[1]

Spence argues that his filing of a pauper's oath resolved any outstanding fees owed and that a prior Judge assured him his witnesses would be present at trial. But the pauper's oath addressed only the question of fees. It did not substitute for the completed subpoena request form the clerk had instructed Spence to file. We note that the requested form was not simply a formality; it was the vehicle by which Spence could have transmitted the very details needed by the clerk to issue subpoenas on his behalf.

Finally, Spence urges that under Texas Rule of Civil Procedure 71, his filings should be treated as the instruments he intended them to be. He is correct that Texas Rule of Civil Procedure 71 provides that if "a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated." TEX. R. CIV. P. 71; *see, e.g.*, *$27,920.00 In U.S. Currency v. State*, 37 S.W.3d 533, 536 (Tex. App.—Texarkana 2001, pet. denied) (providing Rule 71 provides that misnomer of pleading is not fatal to substance of those pleadings). But the rule cannot supply the requisite substance to a pleading that is simply absent. *See, e.g.*, *Willborn v. Formosa Plastics Corp. Of Tex.*, No. 13-04-007-CV, 2005 WL 1797022, at *4 (Tex. App.—Corpus Christi–Edinburg July 28, 2005, pet. denied) (holding problem with using Rule 71 to construe motion for partial summary judgment as request for

---

[1] Spence contends that the correspondence with the Wilson County Clerk regarding his "Request for Witnesses" supports his position rather than undermining it—arguing that because the clerk's response referenced his filing as a "Request for Subpoena," the clerk effectively acknowledged his witness list as a proper subpoena request. That reading is not supported by the record. The clerk's reference to "subpoena" was an explanation of the process Spence needed to follow—not a confirmation that his witness list had initiated the process. The form was provided to him precisely because his filing had not yet constituted a subpoena request.

declaratory judgment was party did not ask for declaratory judgment anywhere in pleadings). Spence's filings identified his desired witnesses, again one only by description rather than name, and expressed a wish for their presence at the final trial, without setting forth the date, time, or location of same. *See* TEX. R. CIV. P. 176.1(e). The filings did not include the clerk's office with the requisite information or include a request to issue subpoenas for those witnesses to appear at a certain date, time, or location. And when given the opportunity to provide that information, Spence declined.

A pro se litigant is held to the same procedural and substantive standards as a licensed attorney and must comply with all applicable rules of civil procedure. *See Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 705 (Tex. 2021); *see also Goldstein v. Sabatino*, 690 S.W.3d 287, 296 (Tex. 2024) (citing *Pemberton Park*). We are nevertheless mindful, construction of a pro se litigant's filings may turn on their state of mind and courts should review their filing with "liberality and patience." *See Pemberton Park*, 631 S.W.3d at 706. Even so, Spence did not take the requisite steps to ensure his desired witnesses were subpoenaed for trial despite the efforts of the clerk to assist him, and we cannot hold that the trial court erred in proceeding to trial without them.[2] *See* TEX. R. CIV. P. 176.1(e).

Moreover, his argument that the trial court—by trying the case without such witnesses—violated his constitutional rights, ends before it even begins. The constitutional right to compulsory process, set forth in the Sixth Amendment, is one that—by its very terms—applies only to the criminal context.[3] *See Leachman v. Stephens*, No. 02-13-00357-CV, 2016 WL 6648747, at *18

---

[2] We also note that Spence failed to demonstrate that the testimony of witnesses who did not appear were material and necessary to his defense. *See Castillo v. State*, 901 S.W.2d 550 (Tex. App.—El Paso 1995, pet. ref'd).

[3] Other courts have reached the same conclusion. *See e.g., Carmell v. Director, TDCJ–CID*, No. 6:14CV104, 2015 WL 1951748, at *8 (E.D. Tex. Apr. 28, 2015) (holding Sixth Amendment did not apply to inmate civil proceeding involving complaint that prison disciplinary rules were interfering with right to obtain witnesses); *United States v. Stewart*, 931 F. Supp. 2d 1199, 1214 (S.D. Fla. 2013) (holding civil litigant had no Sixth Amendment right to

(Tex. App.—Fort Worth Nov. 10, 2016, pet. denied) (providing Sixth Amendment claim asserting right to have compulsory process applies only to criminal prosecutions and because appellant's dispute with appellees was civil matter, Sixth Amendment contention had no merit); *see also Real Prop. Located at 404 Fuller St., Kerrville, Kerr Cnty., Tex. v. State*, No. 04-17-00676-CV, 2018 WL 6624901, at *3 (Tex. App.—San Antonio Dec. 19, 2018, pet. dism'd w.o.j.) (citing cases providing other Sixth Amendment rights do not apply in civil forfeiture proceedings). *See generally* U.S. CONST. amend. VI ("In all *criminal prosecutions*, the accused shall enjoy the right . . . to be confronted with witnesses against him; to have compulsory process for obtaining witnesses in his favor" (emphasis added)); Tex. Const. art. 1 §10 ("In all *criminal prosecutions*, the accused . . . shall be confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor." (emphasis added)); TEX. CODE CRIM. PRO. art. 1.05 ("In all *criminal prosecutions* the accused . . . shall have compulsory process for obtaining witnesses in his favor." (emphasis added)).[4]

Perhaps more importantly, a Chapter 59 civil forfeiture action is an *in rem* proceeding against contraband, not a criminal or civil proceeding against a person. *See* TEX. CODE CRIM. PRO. art. 59.01(2); 59.02(a); 59.05(b); *State v. One (1) 2004 Lincoln Navigator,*

---

compulsory process). *Brown v. State*, 721 A.2d 1263, 1266 (Del. 1998) ("The United States Supreme Court has never extended the Sixth Amendment right to compulsory process to apply to civil matters."); *cf. In re K.C.*, 563 S.W.3d 391, 397 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (citing cases standing for proposition that Sixth Amendment right to confrontation of witnesses does not apply in civil proceeding); *In re Commitment of Winkle*, 434 S.W.3d 300, 305 (Tex. App.—Beaumont 2014, pet. denied) (same). *But see 1991 Ford Bronco v. State*, No. 07-99-0128-CV, 2000 WL 49286, at *2 (Tex. App.—Amarillo Jan. 21, 2000, no pet.) (providing Sixth Amendment right to counsel applies in juvenile proceedings).

[4] Although Spence references the Fifth and Fourteenth Amendment, his arguments center around the right to compulsory process, a right found in the Sixth Amendment. *See Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 704 (Tex. 2021) (providing party sufficiently preserves issue for review by arguing issue's substance, even if party does not identify issue by name). To the extent Spence is contending his right to compulsory process is grounded in his due process and due course of law rights, he has identified no legal authority for that proposition. *See* TEX. R. APP. P. 38.1(i); *cf. Coleman v. State*, 966 S.W.2d 525, 526 (Tex. Crim. App. 1998) (providing right to compulsory process in criminal context made applicable to states by Due Process Clause of Fourteenth Amendment). Nor are we aware of any. *See* TEX. R. APP. P. 47.1.

*VIN # 5LMFU27RX4LJ28242*, 494 S.W.3d 690, 698 (Tex. 2016); *404 Fuller*, 2018 WL 6624901, at *3 (stating same). It only requires the State to prove by a preponderance of evidence that the property at issue is contraband. *See Lincoln Navigator*, 494 S.W.3d at 698. It does not require proof of a conviction. *See id.*.

Accordingly, we overrule Spence's contentions.

## CONCLUSION

We affirm the trial court's judgment of forfeiture.

Lori Massey Brissette, Justice